STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRED-
ERICK S. BOYD, PLAINTIFF IN ERROR.

Submitted December 7, 1914—Decided June 14, 1915.

The act of 1908 (*Pamph. L., p.* 577; *Comp. Stat., p.* 1744, *pl.* 5e)
makes it a high misdemeanor to encourage or incite the unlawful
burning or destruction of public or private property. *Held,* that
an indictment which charged that the defendant willfully and
unlawfully encouraged and incited to the destruction of private
property failed to charge a crime under the statute, since it is
the destruction that is required by the statute to be unlawful.

On error to the Supreme Court, whose opinion is reported
in 86 *N. J. L.* 75.

For the plaintiff in error, *Henry Marelli* and *Gilbert E.
Roe* (*Hunziker & Randall* on the brief).

For the state, *Michael Dunn.*

The opinion of the court was delivered by

SWAYZE, J. This case differs from No. 61 decided at the last
term (*ante p.* 328), in that the present indictment charges
that the defendant did willfully and unlawfully encourage and
incite persons at a public meeting to the destruction of pri-
vate property. The statute (*Comp. Stat., p.* 1744, *pl.* 5e)
makes it a high misdemeanor to advocate, encourage, justify,
praise or incite the unlawful burning or destruction of public
or private property. The indictment does not follow the
words of the statute. It fails to charge that the destruction,
which the defendant is accused of encouraging and inciting
his hearers to commit, was unlawful. Instead it charges that
the encouragement and incitement were unlawful. The fail-
ure to charge the crime in the language of the statute which
creates it, might not be fatal if all destruction of property
were unlawful, but that is not the case. The owner of prop-

erty may usually destroy it, if he wishes, without liability, civil or criminal, and, under some circumstances, others than the owner may legally do the same. The indictment fails to aver who was the owner of the property in question. The language attributed to the defendant shows that his object was to injure what he called "scabs" by interfering with the reeds of "scab looms" and spindles of silk, but, apparently, this reference was not to machinery or silk belonging to the so-called "scabs;" however unlikely it may be in fact, the interference with looms and spindles might, for aught that the indictment avers, be no more than interference by owners with their own property to get rid of undesirable men. The averment that the defendant unlawfully encouraged and incited does not help, since that might be so and yet the destruction of property itself might not be unlawful; the meeting at which the defendant spoke may have been unlawful because held in violation of some public regulation, and he might be punishable by a penalty, but that would not bring him within the terms of the statutory misdemeanor. Cases are on record where men and women have been led by religious enthusiasm to burn their personal belongings, as they lawfully might; but the preacher whose fervor led them to the act would not be indictable under a statute which condemned only the unlawful destruction of property, even if his preaching was under such circumstances that he was punishable therefor. We have no statute making it a crime for a man to conduct an unlawful meeting. The statute now in question requires more than that; it requires that the act to which he incites should itself be unlawful. It was error to sentence the defendant to the state prison under this indictment. The fact that the sentence imposed was suspended does not prevent a review. There is a final judgment; it is only the execution of that sentence that is suspended. The judgment must be reversed, to the end that a judgment be entered that because it appears that the indictment is not sufficient, therefore it is considered that the defendant go thereof without day. 1 *Chit. Crim. L.* 719.

VOL. LXXXVII.          36

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.    12.