STATE OF NEW JERSEY v. JOHN BORG AND CHARLES ROSENBERG, PROSECUTORS.

Decided May 3, 1930.

Before PARKER, J., at chambers.

For the state, *Edward O. West* and *Andrew O. Witt-reich.*

For the defendants-prosecutors, *Robert Carey* and *Harry Lane.*

Memorandum by PARKER, J. The indictment was removed to this court by *certiorari* in view of sworn allegations that the grand jury had been illegally chosen, that they had been subjected to improper influences and that they had found the indictment without evidence and that they had been guilty of misconduct in their deliberations. The present motion is addressed mainly to the last point. During the taking of depositions on the part of the prosecutors, a member of the grand jury was sworn as a witness, and was asked whether at a certain session of the grand jury he did not vigorously protest against the finding of the indictment on the ground that there was no evidence to warrant it, and that it was an entirely improper and irregular partisan procedure. This

question led to a heated argument between counsel, and finally the witness stated in substance that while he would like to answer it, he felt that the oath of secrecy taken by him when sworn as a grand juror forbade him to do so, although if competent judicial authority should hold otherwise, he would answer.

The present motion, based upon this and probably upon other similar incidents occurring in the course of the depositions, is "for an order permitting and directing [the grand juror in question] any other members of the Bergen county grand jury which handed up the indictment in the above entitled matter, the prosecutor, and any other persons who may be sworn and called to testify before the Supreme Court examiner under the rule entered herein, permitting the taking of depositions, to answer questions relating to the testimony and happenings within the grand jury room relating to the indictment found in this cause, and for such other and further relief as may be proper."

It will be observed that the motion is broad enough to include not only grand jurors, the prosecutor and clerk of the grand jury, but also witnesses before that body. As to these last, I do not understand that any difficulty arose on the taking of the depositions; and the rules relating to witnesses have always been more liberal than those relating to members of the grand jury, largely, no doubt, because the witnesses are not sworn to secrecy, as intimated by the present Chief Justice in *State* v. *Fish,* 90 *N. J. L.* 17. The judgment in that case was reversed (91 *Id.* 228), but on grounds not affecting the point in hand. In *State* v. *Silverman,* 100 *Id.* 249, it was held that a witness may be asked on cross-examination for the purpose of impeaching his testimony, whether he had not testified otherwise before the grand jury, and if he denies it, the denial may be contradicted, for example, by the clerk of the grand jury (*State* v. *Bovino,* 89 *Id.* 586), or, as held in Massachusetts, the foreman might testify that the witness did not appear before the grand jury at all. *Com.* v. *Hill,* 11 *Cush.* 137. And according to the opinion in the Fish case, *supra* (at *p.* 19), *obiter* perhaps, but still important to con-

sider here, "a witness who has been examined before a grand jury is under no legal obligation to refrain from stating what was said *to* and *by* him while there." (Italics mine.) The antithesis is that members of the grand jury "and those associated with them in the administration of justice," are under such obligation.

Touching disclosure by members of the grand jury itself of matters occurring at a session of that body, it may be said that as to some matters, they cannot be permitted to testify; as to others they are perhaps privileged from testifying but may waive that privilege; as to still others they are not even privileged. The rule varies according to the stage of the grand jury proceeding. The discussion of this matter in *Greenl. Evid.*, § 252, was approved in *Com.* v. *Hill, ubi supra,* and that case was followed in *State* v. *Silverman,* also cited above.

Taking up the precise point involved, we have here an indictment found, brought to this court on *certiorari* after discharge of the grand jury that found it, and depositions in progress bearing on a proposed motion to quash that indictment. The indictment of course has not been tried. A member of that grand jury is sworn in the taking of depositions and is asked whether he did not protest against the finding of the indictment because there was no evidence to support it. If we accept the view of Professor Wigmore (*Wig. Ev. S.,* 2361) the grand juror cannot be compelled to answer such a question, but he is privileged from so doing and may waive that privilege; although he will not be permitted to state what other grand jurors may have replied. On the other hand, the rule as stated in Greenleaf is that "they are not *permitted* to disclose who agreed to find the bill of indictment, or who did not agree; nor to detail the evidence on which the accusation was founded."

The text in Wigmore is supported by two cases holding that the grand juror cannot be *compelled* to testify, but neither case involved directly the question of permitting him to do so at his option.

I deem the rule in Greenleaf to be the safer and more practical one. Moreover, it is adopted in Commonwealth *v.* Hill, and approved in State *v.* Silverman.

As to proof by witnesses before the grand jury, or other persons, that such and such evidence was given, the old case of *State v. Dayton,* 23 *N. J. L.* 49, 56, 57, is conclusive on that point. It seems to hold that the sufficiency or insufficiency, competency or incompetency, of the evidence before the grand jury is irrelevant on a motion to quash. It intimates, page 57, that the court may quash for misconduct of the grand jury. But how that misconduct, if occurring in the grand jury room, is to be proved is not intimated.

The result I reach as a single justice on this present motion (subject of course to reversal or modification by the court *in banc*) is that so far forth as it relates to members of the grand jury it should be denied. As to witnesses before that body, there is nothing specific before me, and hence any ruling would be premature.

It is suggested that "the purpose of secrecy has been effected" and consequently the obligation has ceased from that time. I cannot agree that such purpose is fully effected when indictment is found. If at that juncture the grand jury proceedings are to be thrown wide open, the possible damage to the interests of the public by way of aiding the accused would be incalculable.

Counsel may submit a rule denying the application with respect to members of the grand jury and those associated with them in the administration of justice, and dismissing it without prejudice as to others.