STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS SCOTT, PLAINTIFF IN ERROR.

Submitted October term, 1933—Decided March 1, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff in error, *Abraham J. Isserman* (*Sol D. Kapelsohn,* of counsel).

For the defendant in error, *Douglas M. Hicks* and *Joseph H. Edgar.*

PER CURIAM.

The plaintiff in error, Thomas Scott, was convicted in the Middlesex Quarter Sessions Court of the crime of subornation of perjury, the indictment containing two counts. The first count charged that the defendant, Scott, did suborn one Edward Cichorek to commit perjury at the trial of several persons for the crime of riot. The said Cichorek appeared as a witness for the state. He himself was under indictment for rioting but was not being tried at this time since he had obtained a severance.

The second count charged Scott with inducing one Stephen Odor to commit perjury at the trial of an indictment at which Odor, like Cichorek, appeared as a witness for the state. The indictment recited that Odor was also under indictment for rioting but had secured a severance. This recital is of some importance as will presently appear.

Three points are urged for reversal under the assignments of error. The first is that the court erred in refusing to direct a verdict of acquittal in the case of the plaintiff in error in that neither count in the indictment charged a crime because in neither count is it alleged that the perjured testimony was material to the issue nor, as it is argued, does the materiality of the testimony appear by necessary implication. The indictment is further attacked as vague and uncertain.

We see no merit to this first point.

The case comes up on a strict bill of exceptions. As to the merit of the argument, it is elementary that false swearing, in order to constitute perjury, must be to a fact material to the issue. This being true it follows that to constitute the crime of subornation of perjury the suborner must have induced false swearing to facts that were themselves material to the issue.

Now it is set forth in the indictment that Cichorek, in the evidence which he gave as a state's witness, willfully, corruptly and falsely swore, "I saw a bunch of fellows throw bricks but I don't know who they are," the charge being that this testimony was false and that the defendant below, Scott, procured, suborned and persuaded Cichorek to give this false testimony. Now while the indictment does not state that this testimony was material to the issue, yet on the trial of an indictment for the crime of riot the materiality of the testimony quoted above, which was set forth in the indictment, is obvious.

The same attack is made on the second count of the indictment that it, too, did not allege the materiality of the testimony charged in the indictment to be perjured and induced by the plaintiff in error. Necessarily we are of the same mind with regard to the challenge to this second count since it is identical with the attack against the first count. In neither attack do we find any merit.

The second point made by the plaintiff in error is that the indictment was fatally defective; that it didn't charge a crime and therefore should have been quashed. This, we find to be without substance because of the provisions of section 44 of the Criminal Procedure act (2 *Comp. Stat., p.* 1834), which reads as follows:

"Every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken, by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards; and every court before which any such objection shall be taken for any such defect, or before whom any person may be tried, may, if it be thought necessary, cause the indictment to be forthwith amended in any particular by some officer of the court or other person, and thereupon the trial shall proceed as if no such defect had appeared, or be postponed at the discretion of such court as hereinbefore provided in case of amendment for variance. *Pamph. L.* 1898, *p.* 881."

It is of course true that section 44, *supra,* does not prevent an attack on an indictment, after the jury has been sworn, where the indictment does not charge a crime (*State* v. *Cal-*

*lary,* 108 *N. J. L.* 463; 159 *Atl. Rep.* 161; *State* v. *Flynn,* 76 *N. J. L.* 474; 72 *Atl. Rep.* 296; *State* v. *Boyd,* 87 *N. J. L.* 560; 94 *Atl. Rep.* 807; *State* v. *Quinn,* 108 *N. J. L.* 467; 158 *Atl. Rep.* 834), and that an indictment may not be then amended to charge a crime where none was charged in the indictment as it stood, but that is not the situation here since we are of the opinion that the indictment under attack did charge a crime, namely, subornation of perjury and that the challenge to its sufficiency fails because, as we have said, the materiality of the perjured testimony is apparent on the face of the indictment.

The second count charges that the defendant, Scott, did corruptly suborn * * * Stephen Odor to willfully commit perjury in that; the said Stephen Odor and others having been indicted on October 7th, for the crime of riot * * * and that the said Stephen Odor having been granted a severance appeared as a state's witness and testified falsely, &c.

The point upon which this assignment of error is based is that the recital in the indictment that Stephen Odor had been indicted for riot was not true and, from the record before us, it seems that as a matter of fact no indictment had been returned against the said Odor. None the less, that misstatement in the indictment is beside the question. The gravamen of this indictment is that Scott suborned Odor to commit perjury on the trial of an indictment where several persons were on trial for riot. Whether or not Odor was under indictment himself and secured a severance, makes no difference. The defect is formal, not material. It does not go to the merits of the charge against Scott, the plaintiff in error. The issue is—did Odor commit perjury and was Scott the suborner of that perjury? The misstatement in the indictment was apparent on its face. Objection should have been made before the jury was sworn and if made the defect could have been remedied, without harm to the defendant below. At all events, such formal defect, as we view it, cannot be invoked as a ground for reversal.

The judgment of conviction is therefore affirmed.