THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM A. GOLDMAN, PLAINTIFF IN ERROR.

Submitted January 31, 1936—Decided June 19, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff in error, *William A. Goldman, pro se.*

For the defendant in error, *William A. Wachenfeld, Joseph E. Conlon* and *Leon W. Kapp.*

LLOYD, J. Plaintiff in error was convicted of the larceny of a quantity of oil and four pumps, the property of Linderman & Company, Incorporated, a corporation. The case is presented under both assignments of error and specifications of causes for reversal.

The first two points urged for reversal are that there was no proof of ownership in the Linderman Oil Company, Incorporated, and that there was no proof of a felonious intent on the part of the plaintiff in error.

The history of the case was that Emerson was a tenant of 295 Badger avenue, Newark, under a lease from Linderman & Company. His rent became in arrears and on May 10th, 1934, the landlord instituted distraint proceedings. Under these proceedings the goods here involved were distrained for rent by a constable and resulted in a sale of the goods on June 11th, 1934, to the landlord, and to it a bill of sale was delivered. Emerson, however, continued to occupy the premises under an arrangement, according to his own testimony, that he should dispose of the goods and render an account to the landlord in the form of a portion of the net profits of the sales that he might effect.

Thereafter on June 16th, 1934, the Hartol Products Company obtained a judgment against Emerson and execution was placed in the hands of Goldman, the plaintiff in error, a constable of Essex county. Under this authority Goldman visited Emerson and being unable to collect the judgment, after some delay levied upon and seized the oil and pumps, and caused the same to be taken away to a garage for storage, at the same time posting notice of sale on a pole in front of the premises. It appeared that when Goldman made the levy the notice of sale under the distraint proceedings was still posted on the wall. This notice he seems to have copied.

There was abundance of evidence to establish the ownership of Linderman & Company. Emerson so testified, as did also officials of this company. We think there was evidence sufficient also to go to the jury of the criminal intent. While the goods were in the possession of Emerson, Goldman was apprised that there had been a levy upon those goods and a

sale had. This would appear to have been sufficient to put him on guard that he might be taking away the property of someone other than that of the defendant Emerson, and if so, a felonious purpose would be implied in law.

While we think the case was for the jury and a direction of acquittal would have been improper, we think there was error in certain rulings at the trial of the case. When the witness Emerson was on the stand he was asked on cross-examination a series of questions concerning testimony given by him before the grand jury, based apparently upon a complaint made by him alleging ownership of the goods to be in himself. These questions were as follows: "Q. Do you remember testifying before the grand jury of this county? Q. Did you testify before the grand jury? Q. An indictment was brought out against this defendant which you know to exist? Q. And you stated in that criminal complaint that you owned these goods, did you not? Q. In pursuance to that criminal complaint which you made sometime in July saying that you owned the goods, you then appeared before a police court, didn't you? Q. Why did you make a complaint against this man in July, Mr. Emerson, if you didn't own the goods?"

All of these questions were overruled, the court holding that the testimony given before the grand jury was privileged from disclosure under the law, and that it was not material. We think it was both material and proper. The bill of sale alleged to have been made by Emerson in pursuance of the distraint and sale and delivered to the landlord was not produced. There was the testimony already referred to, but as Emerson was one of the witnesses giving this testimony it was material that any statements inconsistent with his testimony given in court should be available. That it was not privileged from disclosure has been definitely decided in the case of *State* v. *Silverman,* 100 *N. J. L.* 249; 126 *All. Rep.* 618; also *State* v. *Bovino,* 89 *N. J. L.* 586; 99 *All. Rep.* 313.

As to the assignments dealing with the fifth point to the effect that the plaintiff in error had submitted the facts to an attorney and had received his advice as to his rights there-

under, it is not clear whether this submission and advice were before or after the taking but as the case must go back for retrial on other grounds this phase of the examination will probably be clarified.

The instruction requested in the sixth point we think properly dealt with.

The judgment is reversed, and the record remanded for new trial.