27 N.J. Super. 120 (1953)
98 A.2d 898
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
WALTER G. WINNE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 20, 1953.
*121 Mr. David H. Harris, Special Deputy Attorney-General, argued the motion for the State of New Jersey (Mr. Theodore D. Parsons, Attorney-General, attorney).
Mr. Joseph Weintraub appeared for the defendant.
FRANCIS, J.C.C. (temporarily assigned).
This matter was set down for trial by the State on June 1. Early in May the defendant presented motions for a continuance of the trial, for a severance of the various counts of the indictment for trial purposes, for particulars on certain aspects of the indictments, and for leave to inspect certain files in the possession of the State.
The application for continuance was made on the ground that the trial date had been fixed without notice to or consultation with defense counsel. They urged that until a short time previous they had been devoting their efforts largely to the legal problem of the sufficiency of the indictment. *122 When the Supreme Court sustained the indictment and trial was ordered they asserted lack of adequate time for the preparation of their factual case and further that the particulars and inspection sought were necessary to a fair presentation of a defense.
After argument the trial was continued to September 9 with the statement by the court that it should be ready for trial at that time.
On the argument of these motions the State was directed to furnish certain particulars with regard to the charge in the indictment that the defendant had knowledge of the gambling operations referred to therein.
At this time also it is my impression that an agreement was reached in open court that defendant would be permitted to examine files which were in the office of the Prosecutor of Bergen County at the time when he was superseded as such prosecutor, since which time he had had no access to them.
It was understood that this inspection was to be engaged in in the presence of a representative of the State, selected by the Deputy Attorney-General in charge of the prosecution.
Appropriate orders to accomplish these objectives were to be submitted for signature. And further, counsel for both parties were advised that in the event of any dispute as to the course of a particular phase of the inspection of records, the court would be available immediately to settle the dispute.
However, the orders as to the particulars and with respect to the severance were not presented for signature until Wednesday, July 15, 1953. These two orders were consented to as to form by the State. No order was submitted dealing with the inspection.
In the meantime the State served notice on defense counsel that it would seek a reargument of the matter of the particulars on Thursday, July 16, the court having agreed to hear the matter on that date.
On July 16 the only explanation for the long delay in presenting the various orders for execution was that counsel *123 had been unable to agree on the form of the order for particulars and either the form or the substance of the order for the inspection. The delay is difficult to understand when obviously the presentation of the dispute to the court by either the State or defense, and particularly by the defense which maintained the need for early completion of the preparation for trial, would have resolved the difficulty in a very few minutes.
In any event the State, apparently being of the opinion that the decision of the Supreme Court in State v. Tune, 13 N.J. 203, put the matter in a different light, sought the reargument and opposed both the furnishing of the particulars and the inspection.
The reargument centered largely around the Tune case. However the opinion of the Supreme Court, in my judgment, recognized the discretionary power of the trial court to direct the furnishing of particulars and to allow inspection of documents in the hands of the prosecution in proper cases where the interests of justice require such action. In situations involving requests for inspection of or copies of documents representing the work product of the prosecutor, the exercise of such discretion was limited to exceptional or unusual cases.
The defendant was superseded as prosecutor in December 1950. State v. Winne, 21 N.J. Super. 180, 187 (Law Div. 1952). Since then, it is conceded, he has had no access to any of the files or papers which were there at the time. His counsel insist that an examination of those records is essential to the preparation of his defense. Without entering upon an extended discussion of the matter, it seems obvious that such examination should be allowed. As already indicated, any reasonable supervision thereof may be engaged in by the State.
These records of the prosecutor's office at the time Winne was superseded, for purposes of this motion, stand very much in the position of documents contemplated by the proposed Rule 3:5-11 which the Supreme Court in State v. Tune, supra, indicated will probably be promulgated as of September *124 1, 1953. While the rule is not yet in force, it represents the course in which the discretion of the trial court should be directed even in the absence of such rule. The records are not the work product of the present prosecutor; they were in being and available to Winne before and at the time he was superseded. The discretionary authority of the court to permit the inspection of such documents was recognized in State v. Cicenia, 6 N.J. 296 (1952).
The core of the charge against the defendant in the indictment is that he had knowledge of the gambling operations described. With respect to the demand for particulars on this subject, it is to be noted that in the dissenting opinion of Justice Oliphant which criticized the sufficiency of the indictment for failure to specify "how and by what means" Winne knew of these operations, it is pointed out that the State admits the defendant "can get such information by a bill of particulars." State v. Winne, 12 N.J. 152, 193 (1953).
The State has indicated an intention to appeal from both the order for particulars and for inspection and now applies for a stay. The orders are procedural, preliminary and interlocutory; they are not of the type comprehended by State v. Tune; the appeal may very well mean delay of the trial. If we are to have an appeal every time a routine practice motion is granted, such as an order requiring answers to interrogatories in a civil case or a bill of particulars or an inspection of documents in a criminal case, then certainly, at least in criminal cases, there will be interminable delays in the disposition of indictments. The motion for a stay is denied.