STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. HAROLD JARDINE SAMURINE AND GERTRUDE SAMU-RINE, DEFENDANTS-RESPONDENTS.

Argued May 5, 1958—Decided June 16, 1958.

*Mr. Cuddie E. Davidson, Jr.,* argued the cause for the State (*Mr. H. Russell Morss, Jr.,* Prosecutor of Union County, and *Mr. Calvin J. Hurd,* Assistant Prosecutor, attorneys).

*Mr. Albert G. Besser* argued the cause for respondents.

PER CURIAM. The defendants, Harold and Gertrude Samurine, were convicted of obtaining money by false pretenses, contrary to *N. J. S. A.* 2A:111–1. The Appellate Division reversed the convictions and directed judgments of acquittal be entered in favor of both defendants. The matter comes before us on our granting the State's petition for certification. *25 N. J. 539.*

At the trial one Metrick was the principal witness for the State. On the first day, during direct examination, he mentioned that Harold Samurine had "a criminal record." Defendant's counsel moved for a mistrial, which was denied. On the following day, on cross-examination, Metrick again referred to Samurine's "criminal past." At the conclusion of the case the trial judge admonished the jury to disregard any evidence relating to a "criminal record," reminding them that such testimony had been stricken.

The Appellate Division found that the two references by the State's witness to prior criminal activity on the part of Harold Samurine were so prejudicial that even striking them from the record and giving cautionary instructions to the jury could not alleviate their possible prejudicial influence. It concluded the instructions only served to refresh the jurors' memories as to what had been said by Metrick.

We are wholeheartedly in accord with the Appellate Division's conclusions in this respect. Under the circumstances of this case, normally a reversal and remand would have ensued, but the Appellate Division went further and concluded the State's case was so deficient on the essential elements of the offense charged that judgments of acquittal should be entered instead of the cause being remanded.

We cannot agree. Without emphasizing in detail the weaknesses of the State's case, it nevertheless, in our opinion, was sufficient to raise questions to be decided by a jury and should have been remanded for a new trial.

Moreover, in its supplemental brief on reargument, the State, in answer to the question "whether it could furnish evidence of the defendants' guilty knowledge of misrepresentations when made," said: "Such evidence could and would be adduced upon a new trial of this case."

Under these circumstances, we have no right to foreclose the State from presenting all of its evidence.

This conclusion makes it unnecessary to decide the power of the Appellate Division to enter judgments of acquittal.

The judgments of the Appellate Division are reversed and the cause is remanded for retrial in compliance with the directions contained in this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, FRANCIS and PROCTOR—6.

*For affirmance*—None.