THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LAWRENCE CLEMENT, DEFENDANT, AND JOHN ALMASI, JR., AND JOHN ALMASI TRUCKING CO., INC., *ETC.*, DEFENDANTS-APPELLANTS.

THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH ZIEMBA, DEFENDANT-APPELLANT.

Argued April 22, 1963—Decided May 7, 1963.

*Mr. John E. Toolan* argued the cause for defendants-appellants John Almasi, Jr., John Almasi Trucking Co., Inc., and Joseph Ziemba (*Messrs. Toolan, Haney & Romond,* attorneys).

*Mr. Edward J. Dolan,* Middlesex County Prosecutor, argued the cause for respondent.

The opinion of the court was delivered by

WEINTRAUB, C. J. The question is whether a defendant should be permitted pretrial inspection of his grand jury testimony. Almasi and Ziemba appeared before the grand jury under subpoena. Almasi testified for five to six hours, and Ziemba for about two and three-quarter hours. The testimony of each related to transactions which are the subject matter of the indictments returned against him. On the motions for inspection, each asserted his recollection of his testimony is not complete or precise, and his counsel certified he cannot prepare for trial with confidence unless he knows what his client said. The trial court denied the motions. The Appellate Division granted leave to appeal and we certified the matters prior to argument before that tribunal.

In *State v. Johnson*, 28 *N. J.* 133 (1958), a defendant sought pretrial inspection of a statement he gave the prosecution. Starting with "the premise that truth is best revealed by a decent opportunity to prepare in advance of trial" (28 *N. J.*, at *p.* 136), we concluded a defendant should be granted such inspection upon a proper showing unless countervailing considerations appeared. As to the showing required, we said, for the reasons there elaborated upon (28 *N. J.*, at *p.* 141) :

"* * * Hence we think it sufficient for a defendant to show that he does not recall his statement with sufficient detail to satisfy his counsel that he can fairly go to trial without it. In such circumstances, the application should be granted unless the State shows that the grant would 'improperly hamper the prosecution.' "

In *State v. Murphy*, 36 *N. J.* 172 (1961), indictments followed an investigation conducted by the Waterfront Commission of New York Harbor. Defendants had testified before the Commission with respect to transactions which later became the subject matter of the indictments and the transcript had been sent to the prosecutor by the Commission. We held that notwithstanding the prosecutor's stipulation not to use the testimony at the trial, defendants should have

inspection of their own testimony to assist them in the preparation of their defense.

The showing here made by defendants readily meets the test of *Johnson* and *Murphy*. The State differentiates this case because the testimony was given before a grand jury. The question therefore is whether the secrecy which attends a grand jury's proceedings justifies a denial of an inspection which otherwise would be accorded an accused as a matter of fairness.

█ *R. R.* 3 :3–7 reads :

"The requirements as to secrecy of proceedings of the grand jury shall remain as heretofore."

The rule thus continues a concept, without however defining it. Secrecy of course impedes the search for truth and hence must rest firmly upon some greater social need. That the secrecy of the grand jury has never been absolute is clear enough. So in *State v. Moffa, 36 N. J.* 219 (1961), in which we held a defendant charged with suborning a witness before a grand jury should be granted a pretrial view of all that witness's testimony before the grand jury, we noted (*36 N. J.,* at *p.* 223) :

"It has long been our rule that proceedings before a grand jury may be disclosed if justice so requires. Thus a witness may be queried as to whether his present testimony accords with his testimony before the grand jury. *State v. Bovino,* 89 *N. J. L.* 586, 588 (*E. & A.* 1916) ; *State v. Silverman,* 100 *N. J. L.* 249, 252 (*Sup. Ct.* 1924) ; *State v. Goldman,* 14 *N. J. Misc.* 463, 465 (*Sup. Ct.* 1936). In *State v. Samurine,* 47 *N. J. Super.* 172, 178 (*App. Div.* 1957), reversed on other grounds, 27 *N. J.* 322 (1958), it was stated the defense is entitled at trial to have the grand jury testimony of witnesses, for the purpose of cross-examination. We so held where it appeared the witnesses had examined their testimony before taking the stand. *State v. Mucci,* 25 *N. J.* 423 (1957). We ordered full exploration of grand jury minutes when a presentment reprobated a public official. *In re Presentment by Camden County Grand Jury,* 34 *N. J.* 378, 401 (1961) ; *R. R.* 3 :3–9(c). See also *State v. Donovan,* 129 *N. J. L.* 478 (*Sup. Ct.* 1943)."

In *Moffa* the testimony in question was not that of the defendant himself but rather of another he allegedly suborned. Here the testimony is the defendant's own, and hence the case is free of the objection, which there evoked a dissenting opinion, that the discovery related to the statement of a witness. At any rate, our task is to seek the reasons for the secrecy of the grand jury, to see if the pretrial inspection here sought would offend any of them. We find no conflict.

The reasons for grand jury secrecy are summed up in *United States v. Rose*, 215 F. 2d 617, 628–629 (3 Cir. 1954):

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

None of the reasons reaches the case before us. The first obviously does not apply since the defendants are on hand. We pass the second reason for the moment. As to the third, the subornation of perjury or tampering with witnesses, we repeat that the testimony in question is that of the defendant himself, and in any event the prospect of perjury is no different than in the case of a statement given to a prosecutor, as to which we need not add to what we said in *Johnson*, 28 N. J., at *pp.* 138–139. The fourth reason, to encourage disclosures before the grand jury by witnesses, of course does not relate to the testimony of the defendant himself, and this is equally true of the fifth reason, to protect some innocent person the grand jury has exonerated.

We return to the second reason, to insure full and free participation by grand jurors in the inquiries before them. The thought advanced is that a grand juror might be deterred from asking a question or venturing a comment for fear it

may be absurd and the absurdity later made public. This objection is strained and unreal. As we have already noted, grand jury testimony has been revealed in sundry situations. *State v. Moffa, supra,* 36 *N. J.,* at *p.* 223; 8 *Wigmore, Evidence* § 2363, *p.* 737 *(McNaughton rev.* 1961). Further, the supposed evil would be the same if the disclosure is made to serve the prosecution, and yet it has been commonplace for prosecutors to use the transcript. So also there can be no difference in this regard between disclosure at trial and disclosure before trial, and as stated in the quotation above from *Moffa,* we have found a defendant should be given at trial the transcript of a witness's testimony for use in cross-examination of that witness. And finally we note two safeguards which should reassure grand jurors if reassurance is at all needed. First, the transcript usually attributes comments or questions to "a grand juror" without naming him. Second, the trial court has ample power to excise what should not be revealed and doubtless could exercise it in the area under discussion without prejudice to the accused. Thus we find no need for grand jury secrecy in this setting and hence no good reason to deny defendants a fair opportunity to prepare for trial.

The State urges the subject is one which should be explored within the process of amendment of our rules of court. Reference is made to so much of *Johnson* as declined to order pretrial inspection of the statements of witnesses in the face of the express prohibition of *R. R.* 3:5–11. In that connection we said that "A rule should not ordinarily be revised or abandoned except by an exercise of the rule-making power" (28 *N. J.,* at *p.* 143). Here, however, no rule purports to bar relief. *R. R.* 3:5–11 does not stand in the way. It is inapplicable because the grand jury transcript is within the sole control of the court and is not in any sense the work product of the prosecution. More importantly, there is no clash with the thesis of that rule because that rule permits pretrial inspection of a defendant's own statement. The only rule directly relevant is *R. R.* 3:3–7, quoted above, relating

to secrecy of the grand jury, and since that rule does not lay down the controlling principle, the development of the concept case by case involves no departure from the content of the rule.

The orders are accordingly reversed and the matters remanded for further proceedings not inconsistent herewith.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For affirmance*—Justice HALL—1.