CHARLES FARMER, PLAINTIFF-PETITIONER, v. STATE OF
NEW JERSEY, DEFENDANT-RESPONDENT.

Argued June 2, 1964—Decided July 7, 1964.

*Mr. Milton Diamond* argued the cause for plaintiff-petitioner (*Mr. Christian J. Jorgensen,* attorney).

*Mr. Edward J. Dolan,* Prosecutor of Middlesex County, argued the cause for defendant-respondent (*Mr. Richard S. Cohen,* on the brief).

The opinion of the court was delivered

PER CURIAM. Defendant was indicted for the murder of his wife. The homicide occurred on September 18, 1963. On January 22, 1964 the trial court conducted a hearing as to defendant's capacity to stand trial and accepted the unanimous view of psychiatrists who testified for the defense and the State that defendant was unable to defend. The trial court refused, however, to try the question whether defendant was legally insane at the time of the homicide. The issue before us is whether the trial court erred in so refusing. We are satisfied it did not.

N. J. S. 2A:163-2 authorizes a trial of the issue of insanity at the time of the homicide in a proceeding other than the trial of the criminal charge. It provides:

"* * * It shall be competent for the judge if sitting without a jury, or the jury, if one is impanelled, to determine not only the sanity of the accused at the time of the hearing, but as well the sanity of the accused at the time the offense charged against him is alleged to have been committed."

In *Aponte v. State*, 30 *N. J.* 441, 455 (1959), we said of the statute:

"*N. J. S.* 2A:163-2 and 3 were not intended to permit an accused to by-pass the criminal trial if he is able to defend, or to entitle him to a trial run of his defense of insanity by the expedient of asserting incapacity to defend. Rather the purpose was to permit a termination of the criminal proceeding *if the accused is unfit for trial.* Nor does the statute require a trial of the defense of insanity at the time of the inquiry into ability to stand trial. See *State v. Stern*, 40 *N. J. Super.* 291 (*App. Div.* 1956). *For that matter, the court need not order a trial of the defense at all.* And if the accused is found to be fit for trial, the issue of insanity at the time of the crime should not be adjudged, and if both issues are tried together with a jury, the jury should be so instructed. This is especially true since, as pointed out in *Gibson, supra* (15 *N. J.*, at *pages* 388–389), the proceeding under *N. J. S.* 2A:163-2 is deemed to be civil and determinable by the vote of ten jurors .

Hence, a court should not deal with the defense of insanity until after the incapacity of the accused to stand trial has been established, unless from the facts on hand it is virtually certain that incapacity to defend will be found. Rather, it should first try the issue of

capacity for trial, and although both by our case law and the statute it may sit with a jury, we think it ordinarily more appropriate that the issue be tried by the court alone. *If incapacity is found, then, in its discretion, the court may, alone or with a jury, inquire into the defense of insanity."* (Emphasis added)

Counsel for defendant reads this excerpt to mean that if incapacity to stand trial is found, the trial court is thereupon obliged to try the substantive issue of insanity at the time of the killing. That problem was not before us in *Aponte,* but in any event the thrust of *Aponte* is the other way. We there recognized that the two issues were not so related that a finding of incapacity to stand trial would necessarily require or even justify a trial of the substantive issue. Hence we emphasized the discretion in the trial court, as appears in the sentences italicized in the quotation from it.

It must be kept in mind, as pointed out in *Aponte,* that if the issue of insanity at the time of the homicide is tried under the statute, a finding that defendant was sane will not bind him when the indictment is later tried. The Legislature did not intend that hearings which may thus be academic shall be ordered whenever a defendant is at the moment unable to stand trial. Rather the Legislature prescribed a method to permit the State's file to be closed if the facts indicate it would be idle or unfair to keep it open.

In *Aponte* we had no occasion to spell out the circumstances in which incapacity to defend would warrant a trial of the substantive issue and hence we did not go beyond noting the legislative purpose and stressing the discretion of the trial court. We said capacity to defend should be tried first unless the known facts made it evident that there was no capacity to defend. It of course does not follow that if the defendant cannot defend, the substantive issue must be tried. Rather if inability to defend is plainly apparent or is adjudged, it is then that the court must exercise its discretion and consider whether a trial of the substantive issue would accord with the legislative aim.

The indictment should be tried if it can be, and hence the court must consider whether the incapacity to defend may be but temporary so that the indictment may still be tried at some future date with fairness to the accused. And the trial court may well reject a present opinion that incapacity to defend is permanent and permit even some years to pass to the end that justice to society as well as to the accused may better be realized.

In the present case two facts are salient. The first is that the medical opinion as to insanity at the time of the homicide would hinge very largely upon the truth of defendant's statements to the psychiatrists. Specifically the psychiatrists attribute to defendant a claim of blackout at the time of the killing, and their finding of delusions depends upon the premise that the conspiracy he feared was unfounded in fact, whereas a jury might conclude there was good reason for his belief. The second salient fact revealed in the medical testimony is a favorable prognosis for recovery. If defendant should become fit for trial, the facts relating to the homicide may be revealed and what is now largely assumed by the experts may then be resolved by the trier of the facts in a truly contested hearing.

These facts militate against defendant's application. There is no reason to invoke the statute when incapacity to stand trial may be but temporary and the truth will be better explored on a trial of the indictment. The trial court was eminently correct in refusing to try the substantive issue at this time.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For reversal*—None.