STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
CHARLES FARMER, DEFENDANT-RESPONDENT.

Argued September 13, 1965—Decided September 21, 1965.

*Mr. Edward J. Dolan,* Middlesex County Prosecutor, argued the cause for appellant.

*Mr. Raymond A. Brown* argued the cause for respondent (*Mr. Irving I. Vogelman,* on the brief).

The opinion of the court was delivered

PER CURIAM. The State seeks leave to appeal from an interlocutory order granting defendant pretrial discovery of grand jury testimony and statements taken by the prosecutor from persons other than defendant. The trial court deemed the circumstances to be exceptional and to warrant a relaxation under *R. R.* 1:27A of the pertinent rules of Court. *R. R.* 3:3–7; 3:5–11. See *State v. Reynolds,* 41 *N. J.* 163, 182 (1963); *State v. Clement,* 40 *N. J.* 139 (1963); *State v. DiModica,* 40 *N. J.* 404 (1963); *State v. Moffa,* 36 *N. J.* 219 (1961); *State v. Johnson,* 28 *N. J.* 133, 143–144 (1958). We directed oral argument on the application.

For a period after the alleged murder defendant was confined to a mental institution under a judgment that he was unable to defend against the indictment. See *Farmer v. State,* 42 *N. J.* 579 (1964). Psychiatrists have testified that the defendant claims he blacked out before the killing, and defendant has filed with us an affidavit that: "I cannot to this day recall any of the events of September 18, 1963 which surround the alleged shooting at my home involving my wife and me." In the circumstances defense counsel believes he cannot prepare for trial without the inspection he sought.

The State apparently is primarily concerned with the possible precedential influence of the order in other cases. Beyond a belief that some tactical advantage inheres in withholding disclosure until trial, the prosecutor can see no harm. In other words, the prosecution will not be hampered, and neither the grand jury testimony nor the statements in question contain anything which should be sealed even at trial in the public interest. At the argument, the possibility was suggested that the papers in question might contain state-

ments by third persons which could not aid defendant but the disclosure of which might embarrass such third persons or others. In this regard counsel for defendant expressed his willingness to cooperate, and in any event the trial court can order a modification of its order. At the argument the thought was advanced that relief in any event should have been conditioned upon a like disclosure by defendant of statements of his witnesses. This may well be so, but the suggestion is here academic in the light of the representation to us by defense counsel that he has nothing to exchange. See *State v. Cook*, 43 *N. J.* 560, 568 (1965); *State v. Whitlow*, 45 *N. J.* 3, 21 (1965).

■■ Defendant's application was addressed to the discretion of the trial court. In view of the unusual circumstances of this case, we are not persuaded that the trial court erred in his decision. Leave to appeal is accordingly denied.

PROCTOR, J. (dissenting). I would grant the State leave to appeal from the interlocutory order of the trial court relaxing *R. R.* 3:3–7 and 3:5–11.

If this defendant may examine before trial grand jury testimony, I can see no reason why any defendant, who alleges that he was not either physically or mentally at the scene of the crime, would not be accorded similar discovery. Such an abandonment by this court of *R. R.* 3:3–7, which has its origins in the early history of the common law, should be effected through the rule-making power, or at least after an appeal has been fully heard; certainly it should not be done on a motion for leave to appeal from an interlocutory order. The public policy behind *R. R.* 3:3–7 is set forth in *State v. Clement*, 40 *N. J.* 139, 143–144 (1963). See also *United States v. Rose*, 215 *F.* 2d 617, 628–629 (3 *Cir.* 1954).

"If we are to change the policy, it should be done, not by going beyond the rule in a particular case as here, but by amending after full review and reevaluation of the many considerations involved." Justice Hall dissenting in *State v. Moffa*, 36 *N. J.* 219, at *p.* 228 (1961).

See also my dissent in the same case at *page 225*.

I know of no case in this State where grand jury testimony of witnesses has been given to the defense before trial solely on the ground that it would assist in the preparation of defendant's case. *Cf. State v. Clement, supra,* and *State v. Moffa, supra.* Because of the protection afforded a defendant by the procedure permitted in *State v. DiModica,* 40 *N. J.* 404, 408–411 (1963), the compelling circumstances which would call for the relaxation of *R. R.* 3:3–7 on the basis of "surprise or injustice" (*R. R.* 1:27A), are not here present. Indeed, *State v. DiModica* goes further in tempering the strict rule of grand jury secrecy in the interest of a fair trial than the federal courts have found necessary. See *Pittsburgh Plate Glass Co. v. United States,* 360 *U. S.* 395, 79 *S. Ct.* 1237, 3 *L. Ed. 2d* 1323 (1959).

As to statements of witnesses taken by the prosecutor, *R. R.* 3:5–11 expressly excepts such statements from the scope of defendant's pretrial discovery. My discussion above of the secrecy of grand jury testimony is likewise applicable here. A rule such as *R. R.* 3:5–11, firmly grounded in long established policies, should not be eroded without "full review and reevaluation of the many considerations involved."

*For denying leave to appeal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, SCHETTINO and HANEMAN—5.

*For granting leave to appeal*—Justice PROCTOR—1.