111 N.J. Super. 564 (1970)
270 A.2d 54
IN RE 15TH ESSEX COUNTY GRAND JURY OF THE 1967 TERM.
Superior Court of New Jersey, Appellate Division.
Submitted September 29, 1970.
Decided October 19, 1970.
*565 Before Judges KILKENNY, HALPERN and LANE.
Messrs. Hellring, Lindeman & Landau, attorneys for appellant (Mr. Edwin H. Stern, on the brief).
Mr. Joseph P. Lordi, attorney for Essex County Prosecutor (Mr. Robert L. Podvey, Assistant Prosecutor).
Mr. Frederick B. Lacey, attorney for United States Attorney for the District of New Jersey (Mr. John W. Bissell, Assistant United States Attorney for the District of New Jersey).
PER CURIAM.
Hugh J. Addonizio, former mayor of Newark, appeals from an order and "final judgment" of the Law Division, entered on December 10, 1969, "without notice to appellant or an opportunity to be heard with regard to the applications."
The order directed the Essex County Prosecutor "to make available to the United States Government all evidence, exhibits, transcripts and materials presented to the above-named Grand Jury." The reference was to the "15th Essex County Grand Jury of the 1967 Term." The applications for the "turn-over" of this material were jointly made *566 by the Essex County Prosecutor and the United States Attorney for New Jersey.
Addonizio had not been made a party to the applications, although both the federal and Essex County grand juries were conducting concurrent, but separate investigations of the administration of public affairs in Newark, and Addonizio, as mayor, was one of the targets in those investigations.
The "turn-over" was effected, pursuant to the Law Division order. Apparently, no application was made to our courts for a stay. The record before us does not disclose the grant or denial of any motion for a stay. Addonizio did move before trial in the United States District Court to suppress as evidence all materials "turned over" to the United States Government pursuant to the order of December 10, 1969. Judge Barlow of the United States District Court denied that motion.
To what extent, if any, this material, now in federal custody, was used by the United States Attorney has not been made manifest before us. It is, though, a matter of public knowledge that Addonizio and others were indicted by the federal grand jury subsequent to the "turn-over." His trial and that of some co-defendants resulted in a verdict of guilty. Addonizio was sentenced on September 22, 1970 by Judge Barlow to a prison term of ten years and ordered to pay a fine of $25,000. His convictions are being appealed.
As of now, the issue before us appears to be moot. The United States Attorney and the prosecutor properly note that by reason of the fait accompli, we can render only an "advisory opinion." However, we shall consider the arguments presented.
Addonizio's first point is that the order under review is a "final judgment" and appealable. The United States Attorney and the prosecutor maintain that the order is not a "final judgment" appealable to this court. They further aver that the proceeding initiated in this court by Addonizio is not an "appeal."
*567 The "turn-over" order made on December 10, 1969 by Judge Giuliano was final in nature. It was not a mere interlocutory step in some other proceeding in our court. It was as final as that in In re Addonizio, 53 N.J. 107 (1968), wherein the Supreme Court reversed a Law Division order directing the mayor to obey a subpoena requiring him to produce his personal records before the grand jury.
But even if it were not final, the importance of the issue would induce us to grant leave to appeal, nunc pro tunc, if that were necessary. We prefer not to rest our conclusion upon the technical claim of a lack of finality in the order under review.
So, too, we are not inclined to deny Addonizio the right to challenge the "turn-over" order on the theory that his proceeding before us is not an "appeal." True, Addonizio was not a "party" to the proceeding before Judge Giuliano, at which the prosecutor and United States Attorney joined in applying for the turn-over of the evidence, exhibits, etc., before the Essex County grand jury to the federal officials for use before the federal grand jury in its concurrent investigation of Newark's administration. It would have been procedurally more correct for Addonizio to have applied to Judge Giuliano for a stay of the "turn-over" order on the ground that he was legally aggrieved thereby and had not been afforded an opportunity to be heard. Then, if his application had been denied by order of the assignment judge, a review of that order would be properly before the Appellate Division. But here again, we prefer to dispose of this matter on the merits.
In denying Addonizio's pretrial motion to suppress the evidence turned over to the United States grand jury by the Essex County grand jury, Judge Barlow pointed out that the evidence "may never be offered at trial," thus making the motion "premature." Permission to renew the motion was granted if the challenged evidence was offered. Moreover, he ruled that "the admission of evidence obtained in violation of state law is not ordinarily precluded in a *568 federal criminal prosecution, unless the violation of state law constituted, as well, a violation of federal law or the Constitution." Citing United States v. Scolnick, 392 F.2d 320 (3 Cir.1968), cert. den. 392 U.S. 931, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1968).
Judge Giuliano recognized that the joint application by the United States Attorney and the Essex County Prosecutor was "unprecedented." The prosecutor stated that "the action is made necessary to prevent a duplication of effort and expense, and to prevent possible conflicts which could deter and impede important investigation and, in the end, perhaps frustrate the activities of both law enforcement groups." The United States Attorney stressed the need for federal and state cooperation. Judge Giuliano granted the application and at the same time told the Essex County grand jury that "a Federal Grand Jury will continue the investigation in other, but similar, areas which you have gone into. Your efforts have laid the ground work for that body to take over."
Addonizio argues that the "turn-over" violates the policy of grand jury secrecy. R. 3:6-7 (formerly R.R. 3:3-7). But, in effect, it merely transferred the factor of secrecy from one grand jury to another. In State v. Clement, 40 N.J. 139, 142 (1963), our Supreme Court noted that "proceedings before a Grand Jury may be disclosed if justice so requires," reiterating a similar pronouncement in State v. Moffa, 36 N.J. 219, 223 (1961). As the Chief Justice expressed it in State v. Clement, supra, "The rule [R.R. 3:3-7] thus continues a concept, without however defining it. Secrecy of course impedes the search for truth and hence must rest firmly upon some greater social need. That the secrecy of the grand jury has never been absolute is clear enough." 40 N.J. at 142.
In Reichert v. Comm'r of Internal Revenue, 214 F.2d 19 (7 Cir.1954), a prosecution for failure to pay federal income taxes on money which witnesses before a county grand jury in Indiana had testified had been paid to the *569 taxpayer, the disclosure of testimony before the county grand jury by the county prosecutor to the Federal Government was upheld, even in the absence of an application to the state court.
In Commonwealth v. Kirk, 340 Pa. 346, 17 A.2d 195, 200 (Sup. Ct. 1941), it was stated:
A consideration of the best authorities on the subject [of grand jury secrecy] leads to the conclusion that the rule is for the protection of the Commonwealth, the grand jurors themselves and the witnesses, and is not concerned with "protecting" the accused, whose constitutional and statutory rights are not affected by it one way or the other.
Accordingly, we conclude that the joint application by the United States Attorney and the Prosecutor of Essex County was addressed to the sound discretion of and was properly granted by the assignment judge, thereby promoting enforcement of the law and the administration of justice.
The order under review is affirmed.