The **PEOPLE** of the State of Colorado, Petitioner,

v.

The **DISTRICT COURT FOR** the **SECOND JUDICIAL DISTRICT,** State of Colorado, and The Honorable Alvin D. Lichtenstein, one of the Judges of the District Court, Respondents.

No. 79SA537.

Supreme Court of Colorado, En Banc.

April 7, 1980.

Rehearing Denied April 28, 1980.

R. Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David R. Purdy, Deputy Dist. Atty., Denver, for petitioner.

James M. Leventhal, Craig A. Murdock, Denver, for respondents.

PER CURIAM.

A petition for relief in the nature of prohibition, which controls three interrelated cases, was filed in this Court by the district attorney pursuant to C.A.R. 21. We issued a rule to show cause and now make the rule absolute.

A seven count indictment was returned against Robert Sunshine and Jerry A. McFarland by the 1978 statutory Denver Grand Jury. The defendant Sunshine was charged in all seven counts and McFarland was named in two counts. The charges contained in the indictment ranged from theft and conspiracy to tampering with witnesses.

After the prosecution provided the defense with a transcript of all testimony before the grand jury, defense counsel petitioned for discovery of the colloquy between the district attorney and the grand jury. The district judge ordered that the colloquy between the grand jury and the district attorney be produced for *in camera* inspection. Thereafter, the transcript was examined by the district judge, who ordered that the colloquy be made available to the defendant McFarland for consideration of the defense motion for a preliminary hearing and for dismissal due to the improper conduct of the district attorney before the grand jury. The order to produce the colloquy is the basis for this original proceeding.[1]

The trial court held that the content of the transcript of the colloquy between the district attorney and the grand jury was imperative to the defense counsel's proper preparation of motions pending before the court. The court reasoned that the testimony before the grand jury could be properly evaluated by defense counsel only after the remarks of the district attorney to the grand jury were disclosed. We disagree.

The defendant's assertion of the right to a preliminary hearing after a grand jury has returned an indictment was premised upon the equal-protection rationale set forth in *Hawkins v. Superior Court*, 22 Cal.3d 584, 150 Cal.Rptr. 435, 586 P.2d 916 (1978). There, the California Supreme Court held that, since an individual charged by information was statutorily granted the right to request a preliminary hearing, it was a denial of equal protection to withhold that right from a defendant charged in a grand jury indictment. We do not elect to follow the California rule.

■ In our view, an indictment is the culmination of the probable cause screening process of the grand jury and that procedure functions as a constitutionally adequate substitute for a preliminary hearing. Section 16–5–204(4)(j), C.R.S.1973 (now in 1978 Repl. Vol. 8). In addition, a defendant charged by an indictment is granted the further right to challenge the grand jury's determination of probable cause through a district court proceeding. *See* section 16–5–204(4)(k), C.R.S.1973 (now in 1978 Repl. Vol. 8). Our rules provide for a preliminary hearing only after an information or complaint is filed . . . . Crim.P. 5(a)(4), 5(c)(4). Thus, we hold the defendant's request for a preliminary hearing after an indictment has been returned is not authorized. Such a request, or motion, could not provide a foundation for the trial court's order for delivery of a transcript of the colloquy.

■ The particularized need requirements for discovery of grand jury proceedings were created by the Supreme Court of the United States in interpreting Rule 6(e), Fed.R.Crim.P. *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Pittsburgh Plate Glass Company v. United States,* 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). A defendant, however, has broader discovery rights in Colorado than he does in the federal courts. *See* Crim.P. 16; *Granbery v. District Court,* 187 Colo. 316, 531 P.2d 390 (1975); *People ex rel. Shinn v. District Court,* 172 Colo. 23, 469 P.2d 732 (1970); *Parlapiano v. District Court,* 176 Colo. 521, 491 P.2d 965 (1971). Nevertheless, the liberal discovery rights which have been granted to a defendant in Colorado do not guarantee automatic access to everything that transpires before the grand jury.

■ An examination of evidence before the grand jury is the basis for determining probable cause to indict.[2] *People v. Sum-*

---

1. Although only the order relating to the defendant McFarland's request for production of the transcript containing the colloquy between the district attorney and the grand jury is before us in this proceeding, we have issued a stay ordering the respondent court to refrain

from enforcing similar orders relating to defendant Sunshine and other defendants.

2. The absence of evidence before the grand jury, other than hearsay, will not cause the grand jury's determination of probable cause to be set aside in most instances. *Costello v.*

*mers,* Colo., 593 P.2d 969 (1979). Rarely will the actions of the district attorney provide a basis for challenging the grand jury's true bill. *Cf. State v. Fisher,* 112 N.J.Super. 319, 271 A.2d 24 (1970).

In *de'Sha v. Reed,* 194 Colo. 367, 572 P.2d 821 (1977), we interpreted Rules 6 and 16 Crim.P., and recognized that Article II, section 23 of the Colorado Constitution grants to the general assembly the power to change, regulate or abolish the grand jury system. The general assembly has specified forms and regulations for the grand jury process in Article 5 of Chapter 16. Section 16–5–204(4)(k), C.R.S.1973 (now in 1978 Repl. Vol. 8) provides:

"(k) The district court before which the indicted defendant is to be tried shall dismiss any indictment of the grand jury if such district court finds, upon the filing of a motion by the indicted defendant based upon the grand jury record without argument or further evidence, that the grand jury finding of probable cause is not supported by the record."

█ Section 16–5–204(4)(n), C.R.S.1973 (now in 1978 Repl. Vol. 8), provides that motions to test the validity of a grand jury indictment must be based solely on the record and argument of counsel "unless there is cause shown for the need for additional evidence." Because we do not construe the term "record" to include a transcript of the portions of the grand jury proceedings that involved the colloquy between the district attorney and the grand jury, we must determine whether the trial court abused its discretion in determining that cause was shown. Such an inquiry must be conducted pursuant to section 16–5–204(4)(n) and its corollary Crim.P. 16(e)(1) which requires a showing of materiality to the preparation of the defense.

United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed.2d 397 (1956). *Compare Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975). When a perceiving witness is available, however, that witness should be presented to the grand jury to establish probable cause. *McDonald v. District Court,* 195 Colo. 159, 576 P.2d 169 (1978); *United States v. Arcuri,* 405 F.2d 691 (2d Cir. 1968).

█ After a careful review of the sealed record containing the transcript of the grand jury colloquy, we have concluded that ordering the disclosure of the colloquy to defense counsel was an abuse of discretion. Although the confidential nature of the colloquy forecloses a detailed explanation, the transcript contains no statements by the district attorney that would constitute potential grounds for establishing the absence of probable cause to indict the defendant because of improper conduct of the district attorney. While the district court was acting within its province in examining the colloquy between the district attorney and the grand jury to determine if the grand jury proceedings were properly conducted, the showing made by the defense in this case did not establish cause or need to produce the colloquy as required by section 16–5–204(4)(n), C.R.S.1973. In our view, nothing transpired before the grand jury which would justify an intrusion into grand jury proceedings beyond the specified limits of section 16–5–204, C.R.S.1973 (now in 1978 Repl. Vol. 8).[3]

█ When a trial court conducts an *in camera* inspection of a transcript containing the colloquy between the district attorney and the grand jury, and concludes that there is more than a speculative basis for overturning an indictment because of improper conduct by the district attorney in securing a true bill, the colloquy may be disclosed to defense counsel. Ultimately, however, the court must recognize that such a motion requires the weighing of a number of conflicting factors, including the traditional requirement that grand jury proceedings be conducted in secrecy.[4]

3. The district attorney is permitted and by statute directed to appear and advise the grand jury. Section 20–1–106, C.R.S.1973 (now in 1978 Repl. Vol. 8).

4. In *Parlapiano v. District Court, supra,* we stated:
   "Secrecy for secrecy's sake should no longer be the rule in Colorado. Rather, the maintenance of the wall of secrecy around grand jury testimony should be grounded upon

While the defendant's need for access to all materials relevant to his defense should be given great weight, the trial judge must also consider the grand jury's right and need for confidentiality. Only in those cases where clear examples of inappropriate conduct by the district attorney may affect the validity of the defendant's indictment or the determination of probable cause, should the trial court sacrifice the confidentiality of the grand jury proceedings and release a transcript of the grand jury colloquy to defense counsel.

Accordingly, the rule to show cause is made absolute.

GROVES, J., does not participate.

sound reason. . . . The cloak of secrecy thwarts an indicted defendant's efforts to

show necessity and relevancy even when they exist."