The PEOPLE of the State of
Colorado, Petitioner,

v.

The DISTRICT COURT IN AND FOR the
SECOND JUDICIAL DISTRICT, State
of Colorado, and the Honorable Alvin D.
Lichtenstein, one of the Judges thereof,
Respondents.

No. 80SA343.

Supreme Court of Colorado.

Nov. 24, 1980.

Rehearing Denied Dec. 15, 1980.

Dale Tooley, Dist. Atty., Second Judicial
Dist., Brooke Wunnicke, Chief Appellate
Deputy Dist. Atty., Denver, for petitioner.

Craig A. Murdock, Denver, for respondents.

PER CURIAM.

In this original proceeding the People
seek relief in the nature of prohibition directing the respondent district court to
deny the defendant Robert Sunshine's
("Sunshine") motion seeking discovery of
the transcript of a colloquy between the
district attorney and the grand jury. The
court granted the defendant's motion for
discovery, but granted a stay while the district attorney filed an original proceeding
under C.A.R. 21. We issued a rule to show
cause and now make that rule absolute.

Our opinion in *People v. District Court
for the Second Judicial District*, Colo., 610
P.2d 490 (1980), determines the issue before
us. In that case, Jerry A. McFarland, who
was indicted along with Sunshine by the
1978 statutory Denver Grand Jury, sought a
transcript of the same colloquy between the
district attorney and the grand jury that
Sunshine seeks here.[1] The district court
ordered the transcript produced for an *in
camera* inspection, and then made it available to McFarland to assist him in preparing
a motion for a preliminary hearing and
dismissal of the indictment due to the district attorney's allegedly improper conduct
before the grand jury. The district attorney immediately sought a rule prohibiting
the district court from giving the transcript
to counsel for McFarland and we directed
the trial court not to deliver it to defense
counsel. *People v. District Court, supra.*

On January 7, 1980, we stayed delivery of
a transcript of the colloquy to Sunshine
pending our resolution of *People v. District
Court*. After that case was announced on
April 7, 1980, the stay was vacated and the
district court was instructed to rule on Sunshine's discovery motion in accordance with
the opinion in *People v. District Court*.
Sunshine's motion was heard on July 8,
1980.

*People v. District Court* directed the trial
court, when considering disclosure to a defendant of a transcript containing colloquy
between the district attorney and the grand
jury, to decide whether there is "more than
a speculative basis for overturning an indictment because of improper conduct by
the district attorney in securing a true bill."
*Id.* at 493. The trial court's decision

---

1. The original motion for the transcript had
been made by Sunshine, but neither he nor his
counsel was present at the hearing when the

district judge ordered the transcript to be delivered to defendant McFarland.

"... requires the weighing of a number of conflicting factors, including the traditional requirement that grand jury proceedings be conducted in secrecy. [Footnote omitted.] While the defendant's need for access to all materials relevant to his defense should be given great weight, the trial judge must also consider the grand jury's right and need for confidentiality. Only in those cases where clear examples of inappropriate conduct by the district attorney may affect the validity of the defendant's indictment or the determination of probable cause, should the trial court sacrifice the confidentiality of the grand jury proceedings and release a transcript of the grand jury colloquy to defense counsel."

At the hearing on Sunshine's discovery motion, the trial court judge expressed confusion as to whether the decision in *People v. District Court* directed him to consider Sunshine's motion in light of the criteria set forth in the opinion or to deny Sunshine's request for discovery of the identical transcript denied to McFarland. The trial court chose the former course. After finding that a large portion of the colloquy referred to Sunshine and only a small portion of the colloquy applied to McFarland, the trial court ruled that the colloquy contained improper statements by the district attorney and that there was more than a merely speculative basis for overturning the indictment.

However, the opinion in *People v. District Court* specifically stated that it controlled the defendant Sunshine's discovery request. The rule issued ordered the respondent court to refrain from enforcing similar discovery orders at the request of the defendant Sunshine and other defendants. In *People v. District Court*, we reviewed the colloquy transcript and found that the district attorney's statements did not furnish a potential basis for invalidating the probable cause determination on grounds of misconduct. Although there were more references in the transcript to the defendant Sunshine than to McFarland, the comments, if improper as to one, would be equally improper as to the other.

We have reviewed the sealed record containing the transcript of the grand jury colloquy a second time, and again we conclude that the trial court's order that the colloquy be disclosed to defense counsel was an abuse of discretion.

Accordingly, the rule to show cause is made absolute.